LITTLEJOHN v. THE RICHMOND AND DANVILLE R. R. CO.

1. RAILROADS—PUBLIC CROSSING—REV. STAT., 1682, CONSTRUED.—It is the duty of a railroad company to ring the bell or blow the whistle for thirty seconds before moving a train of cars standing across a street crossing, under sec. 1682, Rev. Stat.

2. IBID.—IBID.—WORDS AND PHRASES—REV. STAT., 1692, CONSTRUED. A person who attempts to cross a train of cars standing across a public way, by climbing between two cars, is such a person as is contemplated in sec. 1692 of Rev. Stat., "If a person is injured in his person or property by collision, &c." *Littlejohn* v. *R. R. Co.*, 45 S. C., 181, *affirmed.*

3. IBID.—TRESPASS.—A person who obtrudes himself upon a railroad train with notice to and without objection by the company, may be a trespasser.

4. TRESPASS is a mixed question of law and fact, and should be submitted to the jury under proper instructions from the Court.

5. RAILROADS—TRESPASS—ESTOPPEL—PUBLIC WAY.—If a railroad company obstructs a public way with its cars for a longer time than permitted by statute, it becomes a trespasser, and is estopped from saying that a person who climbs upon the cars to cross the track is a trespasser.

6. IBID.—PUBLIC WAY—NEGLIGENCE.—A person who attempts to cross a railroad track by climbing between freight cars standing across the way, assumes all the risk attendant upon his negligence, and whether such negligence is *gross* or *wilful* is a question of fact.

7. NEGLIGENCE—WORDS AND PHRASES.—Are wilful and gross negligence the same in degree?

Before TOWNSEND, J., Spartanburg, February, 1896. Reversed.

Action by J. R. Littlejohn against the Richmond and Danville Railroad Company for damages for injuries sustained while attempting to cross a public street in town of Gaffney City by climbing between two freight cars of a train of cars standing across the street. Judgment for plaintiff. Defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Duty of railroad of signalling before moving cars:* 33 S. C., 136; 39 S. C., 514; 57 Fed. R., 551; 34 S. C., 451, 292; 41 S. C., 1; 112

Mo., 238; 24 Am. St. Rep., 397; 11 S. E. R., 445. *Person climbing on a standing train lawfully occupying a street is a trespasser:* 95 U. S., 161; 8 Am. St. Rep., 879; 32 Am. St. R., 544; 19 S. C., 20; 12 S. E. R., 554; 44 N. Y., 465; 3 S. E. R., 506; 11 S. E. R., 455; 100 Mass., 208. *Trespass is question for jury:* 59 Fed. R., 241; 25 S. C., 141; 25 Mich., 1. *Whether plaintiff was guilty of gross negligence is a question for jury:* 33 S. C., 228; 50 Ind., 42; 40 O. St., 121; 31 Grat., 312; 86 N. Y., 616; 13 N. E. R., 679; 35 N. Y., 518; 61 Ala., 376; 67 Mo., 671; 38 Md., 588; 30 U. C. P., 39; 12 S. E. R., 213. *Charge upon facts:* Con. 1895, art. V., sec. 26; 21 S. C., 273.

*Messrs. Duncan & Sanders,* also for appellant, cite: *Construction of sec. 1685 of Rev. Stat.:* 34 S. C., 451; 33 S. C., 139; 34 Am. St. R., 37; 57 Fed. Rep., 555. *Gross and wilful negligence are not of the same grade:* 48 N. H., 41; 71 Am. Dec., 265; 49 Am. Dec., 246. *The act of plaintiff in climbing between the cars was an unlawful act:* 23 S. C., 531; 29 S. C., 160; 19 S. C., 27; 34 S. C., 451. *Where party knows of danger, the failure to give signal does not contribute to injury:* 34 S. C., 451; 2 A. & E. R. R. Cases, 251; 42 Ga., 327; 35 Md., 32; 86 Mich., 79; 17 Am. Rep., 521; 31 A. & E. R. R. Cases, 492. *It is competent to ask, if plaintiff, with his knowledge of the facts, in his opinion, attempted to do a dangerous thing:* 19 S. C., 525; 25 S. C., 26.

*Messrs. Bomar & Simpson,* contra. (No argument furnished Reporter.)

March 31, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint herein (omitting the formal allegations as to the incorporation of the defendant) is as follows: "IV. That on or about August 19th, 1891, the defendant corporation negligently and unlawfully allowed one of its trains, made up of a locomotive and a number of freight cars, in charge of one of its authorized agents, to stop, for a considerable time, across one of the

public streets of the town of Gaffney City, in said county and State (through which town said road runs), all of which was against the ordinances of said town, and a great annoyance and inconvenience to the citizens of the same. V. That on said day the plaintiff, while in transacting his business in said town, had occasion to cross said railroad track, and, being unable, without very great inconvenience and loss of time, to go around said train then stopped across said street, as hereinbefore stated, on which said street plaintiff was walking, the plaintiff was compelled to cross over said track by going between two of said freight cars; that when plaintiff reached said track, and started to go over, the said train was standing motionless across said street; that while plaintiff was in the act of crossing between said cars, without the slightest notice or warning—without blowing the whistle or ringing the bell on said locomotive— the defendant company, through their conductor and engineer, then in charge of said train, negligently, recklessly, and unlawfully caused said train of cars to move rapidly and suddenly, and thereby jarred the plaintiff, and caught his foot between two of said cars, and so mangled and crushed his said foot that amputation became necessary, all of which was grossly, negligently, recklessly, and unlawfully on the part of the said defendant corporation. VI. That by reason of said gross negligence and recklessness of the defendant, and without any fault of his, the plaintiff has suffered great injury and damage, in his mind and body, as hereinbefore stated, in the sum of $15,000." The defendant denied each and every allegation of the complaint, and set up contributory negligence as a defense.

The case was first tried before his Honor, Judge Wallace, in 1893, who granted an order of nonsuit. The plaintiff appealed from the order of nonsuit, which was reversed by the Supreme Court. 45 S. C., 181.

The case was next tried in February, 1896, before his Honor, Judge Townsend. The jury rendered a verdict in favor of the plaintiff for $1,500. The defendant has ap-

pealed to this Court upon numerous exceptions, which, however, will not be considered *seriatim*, as they raise practically the following questions, to wit: 1. Was there error on the part of the Circuit Judge in charging the jury that sections 1685 and 1692 of the Revised Statutes were applicable to this case? 2. Was there error on the part of the Circuit Judge in his charge to the jury as to the law of trespass? 3. Was there error on the part of the Circuit Judge in his charge to the jury as to the risk assumed by the plaintiff in crossing the railroad track? 4. Was there error on the part of the Circuit Judge in his charge in defining gross and wilful negligence? The XV. and XVI. exceptions were abandoned.

We will first consider whether there was error on the part of the presiding Judge in charging the jury that sections 1685 and 1692 are applicable to this case. Those sections are as follows: Section 1685. "A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and the bell shall be rung or the whistle sounded, by the engineer or fireman, at the distance of at least five hundred yards from the place where the railroad crosses any public highway, street or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street or traveled place; and if the engine or cars shall be at a standstill within a less distance than one hundred rods of such crossing, the bell shall be rung or the whistle sounded for at least thirty seconds before the engine shall be moved, and shall be kept ringing or sounding until the engine shall have crossed such public highway or street or traveled place." Section 1692. "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this article, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine, recoverable by indictment, unless it

is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury." The appellant, upon request, was granted leave by this Court to review the former decision of this Court in the above entitled case. At the time when the plaintiff went between the cars for the purpose of crossing the track, the train was at a standstill, and obstructed the crossing. It was, therefore, the plainly expressed duty of the defendant, before moving the engine, to ring the bell or sound the whistle for at least thirty seconds.

We next proceed to consider whether the plaintiff, in attempting to cross the railroad track, as he alleges, is such a person as the statute contemplates, when it says: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing * * * " There is no decision in this State directly in point, and the decisions of other Courts in construing similar statutes are conflicting, as will be seen by the following annotated cases: *Lonergan* v. *Ill. Cen. R. R. Co.* (Mo.), 17 L. R. A., 254; *Schmidt* v. *R. R. Co.* (Mo.), 23 L. R. A., 250; *Chicago, B. & Q. R. Co.* v. *Metcalf* (Neb.), 28 L. R. A., 824; *Lake E. & W. R. Co.* v. *Mackey* (O.), 29 L. R. A., 757. The plaintiff's injury was caused by the bumpers of the two cars violently pressing his foot, which was caught between them, *at a crossing, and when his sole purpose was to cross the railroad track.* In other words, to use the highway over which, ordinarily, he had the right to travel. Under such circumstances, the plaintiff is such a person as is contemplated by the foregoing words of section 1692, and the doctrine of *Littlejohn* v. *R. R. Co.*, 45 S. C., 151, is affirmed.

The other provisions of section 1692 will be considered in connection with the second question raised by the exceptions, to wit: Was there error on the part of the Circuit

Judge in his charge to the jury as to the law of trespass? The plaintiff requested the presiding Judge to charge the jury as follows: "It would not be a violation of law for a person going along the highway to cross over a passenger or freight car standing across the crossing, if no injury was done thereto, unless the proper authorities had previously given notice to such person inhibiting such crossing over." His Honor said: " 'Unless the proper authorities had previously given notice to such person inhibiting such crossing over.' I will charge that. I have already said on that subject: If there were a law prohibiting it, and he attempted to cross, it would be a violation of that law. As I said before, if he was prohibited from crossing by a person who had the right to prohibit him, he would be a trespasser if he had undertaken to cross, and if it worked any injury to the car in crossing, he would have no right to cross it, because he would have no right to injure the property of another; but in the absence of any thing of that kind he would not be a trespasser, and he would not be violating any law simply by going over, trying to get over for his own convenience, he would not be violating any law nor would he be a trespasser." The case of *Darwin* v. *R. R. Co.*, 23 S. C., 531, clearly shows that a person who obtrudes himself upon a railroad train may be a trespasser when the railroad company has notice of such obtrusion and does not object, even when no injury is done to the property of the railroad company. The charge of the presiding Judge was erroneous for another reason. Trespass is a mixed question of law and fact; the presiding Judge should define trespass, but it is not his province to say to the jury that if they find certain facts to be true, they constitute a trespass. Whether the facts in any case constitute a trespass, is a question to be determined exclusively by the jury, under proper instructions by the Court. In the case of *Lake E. & W. R. R. Co.*, *supra*, the Court says: "Defendant's counsel asked the Court to charge the jury, that 'if you find in this case, from the

evidence, that defendant's train of cars occupied Main street crossing * * * for a period exceeding five minutes, and more than the statutory period, and you further find that plaintiff, while said train so occupied said crossing, climbed up between two of defendant's cars in said train, he, by so doing, became and was a trespasser, and while so trespassing the defendant owed him no duty in moving the train from such crossing, unless you find from the evidence that the defendant and its servants operating the train knew of his presence,' which was refused. This request implies that, under the circumstances stated, the plaintiff would, as matter of law, be a trespasser if he climbed up between two of the cars while attempting to cross over. We think this is a question of mixed fact and law. The evidence tended to show that, at the time the attempt to cross over was made, the crossing had been obstructed for more than five minutes, to the hindrance of travel thereon, which act of continued obstruction, if proven, was a violation of law, and made the company itself a trespasser. Its cars were where they had no right to be, while, if the boy was rightfully upon the crossing, as the evidence tended to show he was, where he had a right to be, and his attempt to pass the obstruction by climbing upon the cars would not make him a trespasser. It was, we think, for the jury to say whether he was a trespasser or not." If a railroad company obstructs a highway for an unreasonable length of time, or for a longer time than the law permits, unless it is without fault, the railroad company thereupon becomes a trespasser; and if a person makes a reasonable use of its cars, without injury to them, at a crossing, for the sole purpose of crossing the railroad track, the railroad company is estopped from saying that he is a trespasser. Having brought about the necessity, it can not take advantage of its own wrong. But although a person may not be a trespasser, his conduct may amount to gross or wilful negligence.

We will now consider the third question, to wit: Was

there error on the part of the presiding Judge in his charge
to the jury as to the risk assumed by the plaintiff in cross-
ing the railroad track?   The defendant requested his
Honor to charge the jury as follows: "If the plaintiff
was a trespasser upon the property of the defendant—
that is, if he entered upon the cars of the defendant without
an invitation, either express or implied, or without lawful
excuse, then he assumed the risk incident to the entry upon
those cars, and before he can recover he must show that the
defendant by some negligence, after the trespass, inflicted an
injury upon him that could have been avoided by the exer-
cise of due care."   His Honor said to the jury, "He assumed
the risk, so far as the law is concerned, gentlemen of the
jury, not any risk, but he assumed such risk as would arise
under the right which he had to expect that the railroad
would do what the law required it to do—that is, ring the
bell or blow the whistle, and so on.   That is the risk and
that is the only risk he assumed.   You must say from the
facts, whether in assuming that he was guilty of gross or
wilful negligence, or a violation of law, and that that or
these or either one of them contributed to the injury."   The
plaintiff also assumed such risks as might be attendant upon
his own negligence; and whether he was guilty of gross or
wilful negligence, or a violation of the law, was to be deter-
mined by the jury, not simply from the fact that the plain-
tiff assumed that the railroad company would do what the
law required it to do, but upon consideration of all the facts
and circumstances surrounding the case.

We will next consider the fourth and last question, to
wit: Was there error on the part of the presiding Judge in
defining gross and wilful negligence?   His Honor said to
the jury, "It is true, that the 'gross' might refer and proba-
bly refers to negligence by omission, and 'wilful' by commis-
sion, but so far as the law is concerned they are the same in
degree, and mean the same."   Even admitting that tech-
nically his Honor was in error in charging that they were
the same in degree, it was harmless.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE MCIVER and MR. JUSTICE POPE concur in the result.