## Chesapeake & Ohio Railway Company v. Daniel's Administrator

(Decided October 12, 1926.)

### Appeal from Johnson Circuit Court.

Railroads—Woman Injured While Climbing Over Couplings of Train Blocking Crossing Held Guilty of Contributory Negligence.— Woman injured by movement of freight train while crossing over

couplings between cars at point 700 feet from regular crossing, crossing being blocked and train being about half a mile long, was a trespasser and guilty of contributory negligence as matter of law.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

FREDERICK HOWES and O. W. CAIN for appellee.

Opinion of the Court by Judge Clay—Reversing.

This is an appeal from a judgment for $2,000.00 rendered in an action for the death of Mrs. Brilla Daniel.

The only question for consideration is whether the court erred in refusing to sustain appellant's motion for a peremptory instruction.

The accident occurred at Offutt, a small village in Johnson county. Appellant's tracks extend through the village. Appellant's station and a number of residences are on the east side of the tracks, while the post office and public school, some stores and a few dwellings are on the west side. The town has about 125 inhabitants. South of the station is a public road crossing. Mrs. Daniel and her husband lived on the same side of the tracks as the depot, and about 750 feet south of the crossing. On the morning of April 10, 1925, she and her daughter, Mrs. Preston, left her home for the purpose of going to the store and post office on the opposite side of the tracks. There was a freight train about a half a mile in length standing on the crossing, which was near the middle of the train. The train extended beyond the Daniel residence. Mrs. Daniel and her daughter walked along the railroad right of way for some distance and, finding that the train was blocking the crossing, they climbed over between the cars to the north side of the track and proceeded to the post office and store. Having finished their business they started back home in a few minutes, and finding that the crossing was still blocked they walked along the west side of the railroad right of way until they reached a point nearly opposite their residence where they concluded again to cross over the train. Mrs. Preston went first and got safely across. While Mrs. Daniel was attempting to climb over between two of the cars the train started and her foot was caught and mashed between the couplings. Mrs. Daniel died from blood poisoning, which developed a few days later. Mrs. Preston, the only eye-witness, testified that the train

was moved without any signal or warning. There was other evidence to the same effect, and some evidence that the usual signals were given. Appellant's conductor in charge of the train on the occasion of the accident testified that it was a general practice among the traveling public when the crossing was obstructed to go between the cars and that sometimes they climbed between the cars when the crossing was cut. Leonard Daniel, a witness for appellee, testified that there was a good deal of traffic going to and fro from the people on both sides using the public crossing, and that when the public crossing was obstructed he had seen the school children crawl under the train and some climb over. He had also seen women and men climb over. He also stated that the public crossing must have been obstructed for thirty or thirty-five minutes.

It is established beyond controversy that the accident occurred about 700 feet from the public crossing; and for the purpose of determining whether or not a peremptory should have gone it must be conceded that the crossing was obstructed for an unlawful or unreasonable period of time, that no warning of the intended movement of the train was given, and that it was customary for travelers when the crossing was blocked to pass over, under or between the cars. It doubtless is true, as contended by counsel for appellee, that Jones v. I. C. R. Co., 104 S. W. 258, 31 Ky. Law Rep. 825, 13 L. R. A. (N. S.) 1066, and Southern R. Co. v. R. T. Clark, 105 S. W. 384, 32 Ky. Law Rep. 69, 13 L. R. A. (N. S.) 1071, wherein we gave effect to the rule that an adult who attempted to cross between the cars of the train standing temporarily on the crossing, and to which a live engine was attached, was guilty of contributory negligence as a matter of law, are not controlling, since, in the Jones case, the question of how long the crossing had been obstructed was not presented, and in the Clark case the crossing had not been obstructed for an unlawful or unreasonable period of time. It may be conceded that in other jurisdictions there is respectable authority for the position that a railroad company by obstructing a highway for an unreasonable length of time or for longer time than the law permits, becomes a trespasser, and is estopped to say that a person making a reasonable use of the cars for the purpose of crossing the tracks is a trespasser and can not recover for injuries received. In such

case the railroad is guilty of negligence if it fails to give due warning of the intended movement of the train, and where it fails to give such warning, and by reason thereof one attempting to cross over is injured, he may recover unless guilty of contributory negligence, and, in as much as he has a right to rely on the giving of the warning, he is not guilty of contributory negligence as a matter of law, but the question is one for the jury. Walker v. Southern Ry. Co., 77 S. C. 161, 57 S. E. 764; Littlejohn v. Richmond & D. R. Co. 49 S. C. 12, 26 S. E. 967; Freeman v. Terry (Tex.), 144 S. W. 1016. Even if we admit the soundness of this rule as applied to one who is injured at the crossing, especially in view of the evidence that it was customary for persons both adults and children to pass over, between and under the cars, it remains to determine whether the rule should be applied where the person attempts to cross and is injured at a point some six or seven hundred feet from the crossing. It must not be overlooked that the unlawful obstruction of the crossing itself, and not the blocking of the tracks at other places, is the foundation of the rule, and for this reason persons traveling the highway and who intend to cross at that point and find themselves unlawfully delayed may naturally be expected to use the cars for that purpose. In the circumstances it might not be too great a burden for those in charge of the train to take precautions for the safety of travelers at the crossing, but it would be going to an extreme to hold that merely because the crossing was blocked they should be charged with the duty of anticipating the presence of travelers on, under or about the cars throughout the length of the entire train, and at points far remote from the crossing. Moreover, it must be remembered that the protection of life and limb is the main object of the law, and not the allowance of damages, except as a means to that end. Construed in this light the rule, even as applied to adults at a crossing, is not altogether satisfactory, for it operates as an invitation to the traveling public to expose themselves to dangers that it were better to avoid. But, be that as it may, we are constrained to hold that an adult who is injured while attempting to cross between the cars of a train at a point several hundred feet from the crossing, though the crossing be blocked, is not only a trespasser, but is guilty of contributory negligence as a matter of law. It follows

that appellant's motion for a peremptory should have been sustained.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.

Whole court sitting.