# Chesapeake & Ohio Railway Company v. Daniels.

(Decided January 22, 1929.)

BROWNING & REED and KIRK, KIRK & WELLS, for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

This is an action by appellee to recover of the railroad company damages for the loss of the life of his intestate, Mrs. Brilla Daniels. Upon the first trial of the case there was a verdict and judgment for the plaintiff for $2,000. On the appeal to this court the judgment was reversed, the opinion concluding with the words: "Moreover, it must be remembered that the protection of life and limb is the main object of the law, and not the allowance of damages, except as a means to that end. Construed in this light the rule, even as applied to adults at a crossing, is not altogther satisfactory, for it operates as an invitation to the traveling public to expose themselves to dangers that it were better to avoid. But, be that as it may, we are constrained to hold that an adult who is injured while attempting to cross between the cars of a train at a point several hundred feet from the crossing, though the crossing be blocked, is not only a trespasser, but is guilty of contributory negligence as a matter of law. It follows that appellant's motion for a peremptory should have been sustained." Chesapeake & O. R. Co. v. Daniels' Adm'r, 216 Ky. 89, 287 S. W. 217.

The facts are fully stated in the former opinion, and are in substance these: The depot at Offutt and Mrs. Daniels' house were on the same side of the railroad, her house being about 750 feet from a public crossing near the depot. The post office and store are on the other side of the railroad. A long freight train was standing on the side track. Mrs. Daniels and her daughter went up to the post office. When they got to the crossing and found it obstructed, they climbed over the cars, and after going to the post office started home. When they got back to the crossing, finding it still obstructed, they walked along the side of the train until they got opposite her home. They then undertook to climb over the cars. As Mrs. Daniels was on the cars, the train was backed, crushing her foot and bringing about an injury from which she died.

The train had been standing there over 30 minutes. No notice of the movement of the train was given. They knew that the engine was attached to the train. A work train was also on the side track which was not long enough to accommodate both trains. The result was that, when a passenger train came, the train had to be backed to let the passenger train pass, or, as the railroad men express it, they had to "saw it by," and it was this backward movement of the train that brought about Mrs. Daniels' injury. On the return of the case to the circuit court, the plaintiff filed an amended petition, in which he alleged that it was and had been for a number of years the general custom among the people of Offutt to make use of the cars for the purpose of crossing the tracks after the public crossing had been obstructed and blocked by the defendant for more than the statutory period of five minutes, and that this general custom was well known to the defendant, its agents and servants, and that under this custom the people crossed the cars, not only at the crossing but wherever they happened to be under these circumstances; that the community of Offutt had a population of 150 people, and the tracks were so used, not only by them, but by all pedestrians of that section of the country when the crossing had been thus obstructed; and that this custom extended to any part of the train when so obstructing the crossing, and was well known to the defendant, and it was a part of said custom and the general practice of the defendant, its agents and servants, to blow the whistle or ring the bell for at least five minutes before the train started in order to give

those making use of the cars, by crossing between or over them, time or opportunity to avoid danger and to give those who were about to do so a timely warning. But on the occasion in question no notice was given, and the cars were backed without any warning, and by reason of the negligence of the defendant in failing to give such warning the injury occurred. The issues were made up. The case was heard again before a jury. The court instructed them substantially upon the facts set out in the amended petition. The jury again found for the plaintiff in the sum of $2,000. The court entered judgment on the verdict, and the defendant appeals.

In Trent v. Norfolk, etc., R. Co., 167 Ky. 328, 180 S. W. 797, the court, after considering the authorities, thus stated the rule: "From which we conclude that after a railroad company occupies a public road crossing beyond the lawful period, it owes a duty to persons who are attempting to cross through, over or under its cars at said public crossing, not to injure them by starting its train without reasonable signal or notice. It will have been noticed, however, that under the authority of the Clark and Jones cases (105 S. W. 384, 32 Ky. Law Rep. 69, 13 L. R. A. [N. S.] 1071; 104 S. W. 258, 31 Ky. Law Rep. 825, 13 L. R. A. [N. S.] 1066), supra, the right to recover for a violation of this duty is forfeited by an adult when a live engine is attached to or near the cars, and probably always, on the ground of assumed risk or his own contributory negligence which is imputed as a matter of law."

The rule supported by the great weight of authority is this: "An attempt to pass between the cars of a train that is liable to move at any instant, without taking any precaution to avoid danger, is itself an act of negligence, when decided by the standard of common prudence, and has been so held by courts whenever the occasion has been presented; and the act is equally negligent whether it is done at a street crossing or elsewhere." Studer v. Southern Pacific Co., 121 Cal. 402, 53 P. 943, 66 Am. St. Rep. 41. To the same effect, Chicago, etc., R. Co. v. Dewey, 26 Ill. 255, 79 Am. Dec. 374, Lewis v. Baltimore, etc., Co., 38 Md. 588, 17 Am. Rep. 521, 523, and notes thereto; 3 Elliott on Railroads, sec. 1169, and cases cited.

The track was on a curve, and those in charge of the engine could not see the rear of the train, and so naturally, when the train was going to pull out, a signal would be given that the trainmen, at the rear of the train,

might take proper action. These necessary signals for the proper operation of the train cannot be fairly construed to place a greater burden upon the defendant than it would otherwise bear. None of the trainmen had any notice that the intestate was going between the cars; they had no notice of her danger until after the accident. She was not at the crossing, but was 750 feet from it, and while at times other people may have climbed upon the trains at other points remote from the crossing, in so doing they were mere trespassers, and the defendant owed them no duty until their peril was discovered. No facts are shown warranting the anticipation of persons climbing upon the train at the point where the injury occurred. The home of the deceased was the only house in that neighborhood. There was nothing in the vicinity to cause an anticipation of the presence of persons there. While persons passed over the train up about the depot and the store, plainly under the evidence this use of the cars was mainly at these points. The deceased having gotten upon the train 750 feet from the crossing and at a point where the presence of any one on the train was not required to be anticipated by the defendant, it was under no obligation to her to give a signal of the movement of the train. The standing train, with the engine in front of it, was a constant warning of danger to any one who got upon it, and in getting on the train as she did with the full knowledge of the facts, she took the risk and there can be no recovery for her injury. On all the facts, the circuit court should have instructed the jury peremptorily to find for the defendant under the law of the case as laid down in the former opinion.

Judgment reversed, and cause remanded for further proceedings consistent herewith.