CASE 60.—ACTION BY ARTIE DUPREE BY JOE DUPREE HER NEXT FRIEND, AGAINST THE ILLINOIS CENTRAL RAILROAD COMPANY.—May 25, 1910.

## Ill. Cent. R. R. Co. v. Dupree.

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Railroads—Injuries to Persons at Crossings—Negligence—Evidence.—A child suing a railroad for injuries received by being struck by a train at a public crossing must show that the negligence of the railroad was the proximate cause of the injury complained of, though she was too young to be guilty of contributory negligence.

2. Railroads—Injuries to Persons at Crossings—Negligence—Failure to Give Signals.—The failure of a railroad to ring the bell on the approach of a train to a public crossing is not negligence towards a person struck by a train at the crossing who knew that the train was approaching, and yet suddenly ran in front of the train.

3. Railroads—Injuries to Persons at Public Crossings—Negligence.—Trainmen approaching a public crossing need not anticipate that a child accompanied by a nurse will leave her place of safety and run in front of the train, but, until it becomes reasonably apparent to them that she intends to cross, they may presume that the child will remain in the place of safety.

4. Railroads—Injuries to Persons at Public Crossings—Negligence.—A child five years old stood with her nurse in a

place of safety on a railroad crossing. She knew that a train was approaching, but she darted across the track immediately in front of it. The trainmen on discovering her danger attempted to prevent injuring her, but were unable to do so. Held, that the fact that the train was running at a high rate of speed was not actionable negligence.

TRABUE, DOOLAN & COX, CARR & CARR and ROBBINS & THOMAS for appellant.

SHELBOURNE & SMITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Artie Dupree, a child five years of age, while attempting to cross appellant's railroad tracks at a public crossing known as "Meadows Crossing," in the city of Fulton, Ky., was run over by a freight train, and her feet so crushed that amputation became necessary. Suing by her next friend, Joe Dupree, she brought this action against the Illinois Central Railroad Company to recover damages The jury awarded her $2,000. The railroad company appeals.

The sole ground urged for reversal is the failure of the trial court to award appellant a peremptory instruction. Just previous to the accident, Artie Dupree and her sister, a child one year younger, who were in charge of a negro nurse 15 years of age, were standing near the track on which the accident occurred. Between them and the latter track was another track. Thus they were about 12 or 15 feet distant from the track where the injury took place. While thus standing, a freight train, consisting of an engine, caboose, and one car, approached the crossing. When the engine reached the middle of the street, Artie Dupree broke away from her

nurse, and started to cross the track immediately in
front of the engine. According to the weight of the
evidence, she got across the first rail, but stumbled
upon the second rail. The front wheels of the en-
gine passed over her feet. Upon the pilot of the en-
gine were two of appellant's employes. One of
these attempted to catch the child, but failed to do
so. As the engine approached the crossing, the en-
gineer saw the nurse and two children standing in a
place of safety. When the engine reached the mid-
dle of the street, at a point 18 or 20 feet from where
the nurse and children were standing, the engineer
saw the child break away from the nurse and
start across the track. He immediately applied
the emergency brakes, and did everything in his
power to prevent the injury. At the place of the ac-
cident there was a plank crossing over the railroad
tracks, and the accident occurred about 8 or 10 feet
from the crossing. There was evidence to the effect
that the engine bell was not rung as the train ap-
proached. There was also evidence to the effect that
the train was going pretty fast. No witness for ap-
pellee, however, attempted to give the rate of speed.
In speaking of the rate of speed they use such ex-
pressions as "fast," "very fast," and "pretty fast."
The evidence for appellant is to the effect that the
bell was being rung, and that the train was traveling
at the rate of about five miles an hour. The en-
gineer also testified that he succeeded in stopping
the engine within 30 or 40 feet from where the child
started to cross in front of it, and that it was im-
possible to stop any sooner. The principal witness
for appellee on the question of how the accident oc-
curred is Ardella Freeman, the colored nurse, who
was in charge of appellee and her sister. She testi-

fied that she was with Artie Dupree and her sister
at the time Artie was injured. The train was run
ning fast. She did not hear any ringing of the bell
or blowing of the whistle. When the engine was
about halfway across the street, Artie took a running
spell. She said, ''Ardella, let's go on this side.
Look, let's go over here.'' She attempted to grab
Artie, but missed her. When Artie started across,
she ran as fast as she could. At the time of the
accident she and the children were standing still.
Both she and Artie saw the train approaching;
didn't remember whether or not Artie stumped her
toe. She fell, however, and was injured. The front
wheels of the engine ran over her.

Counsel for appellee argue that, inasmuch as there
was evidence tending to show negligence on the part
of appellant in failing to ring the bell and in run-
ning at a fast rate of speed, appellee was entitled
to have the case submitted to the jury, because she
was entirely too young to be guilty of contributory
negligence. It may be admitted that the child was
too young to be guilty of contributory negligence,
but in making out her case it was necessary, not
only to show negligence on the part of appellant,
but negligence that was the proximate cause of the
injury complained of. It becomes necessary, then,
to consider the facts from this standpoint. Mani-
festly, the failure, if any, on the part of appellant's
agents to ring the bell, played no part in the mat-
ter. The purpose of ringing the bell is to give those
on or near the track warning of the approach of
the train. The evidence before us clearly discloses
the fact that the child knew the train was approach-
ing, and that this was the reason she took a sudden
notion to cross the track. It was not negligence,

then, to fail to apprise her of that which she already knew.

The only remaining question is whether or not appellant is responsible because there was evidence tending to show that the train was running very fast. It may be admitted that if the child had been standing on the track, or had gone upon the track when the train was some distance away, the speed of the train might have played some part in the accident. According to all the proof, however, the child darted across the track immediately in front of the engine. Those in charge of the engine could not have anticipated that the child, who was in a place of safety, would suddenly take a notion to run across the track immediately in front of the engine. They had a right to assume that she would remain in a place of safety until it became reasonably apparent that she intended to cross the track. When she did start across the track, everything was done that could have been done to avoid the injury. As she ran rapidly and immediately in front of the engine, it is immaterial whether the speed of the train was five, ten, or fifteen miles an hour, for no power on earth could have stopped the train in time to avoid the injury. That being the case, the appellee failed to show that the negligence of appellant was the proximate cause of the injury complained of. On the contrary, all the evidence goes to show that appellee's injuries were the result of an unfortunate accident, for which appellant was in no wise responsible. Under these circumstances, we conclude that the trial court erred in failing to give a peremptory instruction in favor of appellant.

Judgment reversed and caused remanded for a new trial consistent with this opinion.

NUNN, J. I dissent for the reason that there was evidence that the bell was not rung and the train was being run very fast as it approached the child and in a city when it was the duty of appellant to ring the bell or blow the whistle and keep a lookout for persons, and to have the train under control so as to prevent injury to persons. See I. C. R. R. Co. v. Murphy's Adm'r, 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352.