## Illinois Central Railroad Company v. Bozarth's Administrator.

(Decided January 15, 1926.)

### Appeal from Grayson Circuit Court.

1. Railroads—Pedestrian Held Guilty of Contributory Negligence in Stepping in Front of Train Without Looking.—Contributory negligence of decedent in stepping immediately in front of train without turning his head to look held sufficient to preclude recovery, notwithstanding that deceased was licensee because of general use of track by public.

2. Negligence—Contributory Negligence Defense, Though Not Sole Cause of Injury.—Contributory negligence is a complete defense, whether it is sole cause of injury or not, and it is not necessary that such negligence should be proximate cause of injury, but

is sufficient if it so contributed thereto that but for such negligence accident would not have occurred.

3.  Railroads—Contributory Negligence of Pedestrian Held Question of Law on Undisputed Facts.—Where evidence was undisputed that decedent was killed by stepping from a place of safety immediately in front of moving train without looking, it was error not to direct verdict for defendant railroad company on ground of contributory negligence.

TRABUE, DOOLAN, HELM & HELM, L. A. FAUREST and ALLEN P. CUBBAGE for appellant.

HAYNES CARTER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 9th of April, 1924, E. L. Bozarth was killed by one of appellant's trains at a cattle guard in Clarkson, Ky., at a point something over 300 feet from the depot at that place, and in sight of it. Bozarth's home was about 800 yards east of the depot, and adjoined the railroad right of way at its rear, while there ran in front of his home, and approximately parallel with the railroad right of way, the public road leading to Clarkson.

On the morning in question he started to walk from his home to Clarkson, and used the railroad and right of way in going. At a point approximately half way between his home and the depot a train came along going west, the same direction he was going, and he stepped from the railroad track off to the side on a pathway running alongside the track, which pathway is referred to in the evidence as the subgrade; when the train passed he continued to walk for 160 yards or more along this pathway or subgrade which ran outside the ends of the ties, until he came to a point where there was a cattle guard between three and four hundred feet from the depot. At this point in order to cross the cattle guard he stepped upon the track without turning his head to look behind, and the second section of the train that had passed a few minutes earlier struck and killed him. Between the cattle guard where he was killed and the depot, and about a hundred feet or more from the cattle guard, was a switch which connected a side track with the main track, and on that side track at the time was a freight train going east, and which at the time was moving slowly along the side track in the direction of the switch. The evidence tends to show, and it is doubtless correct, that when he stepped

upon the track at the cattle guard only a few feet in front of the train coming behind him, his attention was directed to the east bound train in front of him coming in his direction on the side track. At any rate all of the evidence tends unmistakably to show that up to the time the train behind him was in ten or twelve feet of him he was on the pathway and in a place of safety, and that he then without turning his head or looking behind him at all, stepped upon the track only a few feet in front of the moving train and at a time when nothing could have been done to avert the collision.

In this action by his personal representative against the railroad and the engineer of the train, the plaintiff recovered a verdict, upon which judgment was entered, for $2,000.00, and on this appeal the only question necessary to determine is whether the trial court erred in declining to direct a verdict for defendants as requested.

The petition is rested wholly upon the fact that Clarkson is an incorporated town, that the accident happened therein and that the railroad track from Bozarth's house to the depot was in general and constant use by the public, and a large number of the public, as a street or walkway, and that therefore decedent was a licensee; and then there is only a general charge of negligence against the company and its engineer. The answer put these things in issue, and in addition pleaded contributory negligence, and the case went to trial upon the issues as so formed after a traverse of the contributory negligence defense.

Dean, marshal of Clarkson, and a witness for the plaintiff, and who was an eye-witness to the accident, says the train was traveling 15 or 20 miles an hour, and that just before the collision decedent was walking on the subgrade outside the end of the ties at a place of safety, and when he got to the cattle guard he stepped right up in front of the train and was at the time not exceeding ten feet in front of it, and when he got to the cattle guard and stepped up in front of the train he did not look back up the track. Asher, a witness for the defendant, says that he at the time of the collision was at a point between the depot and the cattle guard, and that just before the collision decedent was on the path beyond the ballast; that he saw him when he was a few feet beyond the cattle guard, and just before the train struck him, and that he stepped up immediately in front of the train from a place of safety on the subgrade. Durham, another witness

who was with Asher at the time, testifies that when he first saw Bozarth he was walking at the side of the track, "and when he got to the cattle guard it looked he just stepped up right square in front of that train." Nall, the fireman on the engine, says he saw Bozarth walking in the path on the subgrade at a point where he was in the clear of the train, and that when the train was in from five to fifteen feet of him he stepped up on the track, and at that time the train was running about fifteen or twenty miles an hour and nothing could be done to save him.

There are other witnesses who saw some part of the occurrence, but the statements of none of them conflict with the statements of the four witnesses named, and there is no physical fact in evidence which appears to contravert or call in question these statements.

So if we assume for the purposes of this case that Bozarth was at the time a licensee because of the general use of the track by the public, and if we assume for the purposes of this opinion that the company owed him a lookout duty, and if we assume that the necessary signals were not given at the crossings beyond the cattle guard, still this evidence shows beyond peradventure that the negligence of the decedent himself in stepping immediately in front of the train, without even turning his head to look, was the proximate cause of the collision, and that the acts of negligence charged against the defendants would have resulted in no harm to him if he himself had not recklessly stepped upon the railroad track without even turning his head to see whether or not a train was coming. Although the train on the side track in front of him may have had his attention at that time, it did not relieve him of the duty before stepping upon the railroad track to at least casually observe whether or not a train was coming in the other direction. The facts point unmistakably to the conclusion that the negligence charged against defendants would not and could not have brought about this accident if defendant himself had used even the most ordinary care for his own safety.

Contributory negligence is a complete defense whether it is the sole cause of the injury or not, and it is not necessary that such negligence should be the proximate cause of the injury, but is sufficient if it so contributed thereto that but for such negligence the accident would not have occurred. City of Harlan v. Parsons, 202 Ky. 358; Smith's Admr. v. Ford Motor Company, 202 Ky. 706.

But in this case the statement of the evidence shows that the stepping by decedent on to the railroad track in a few feet of a train coming behind him, without using the most commonplace precaution to ascertain its presence, was not only the proximate, but apparently the sole cause of the collision; for as heretofore stated the acts of negligence of defendants would have been perfectly harmless to him if he had used such precaution. Decedent had lived alongside of the railroad for a number of years, and knew that trains frequently ran on that track, and so knowing the danger, he apparently voluntarily and unnecessarily disregarded the ordinary rules of prudence.

As said by this court in the case of Neal v. Ashland-Ironton Transfer & Ferry Company, 201 Ky. 332:

"It is true that, generally speaking, the question of contributory negligence is one for the jury, but where all the material facts stand confessed, and they show that the plaintiff was guilty of such negligence that the injury would not have otherwise occurred, then there is nothing to submit to the jury."

We are impelled to the opinion, therefore, that the court erred in not granting the motion for a directed verdict.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.