# Bozarth's Administrator  v.  Illinois  Central  Railroad Company.

(Decided May 10, 1927.)

## Appeal from Grayson Circuit Court.

1.  Railroads.—Railroad company owes to one in place where he has right to be the duty to keep a lookout and give necessary signals.
2.  Appeal and Error.—Opinion on former appeal that deceased was contributorily negligent, as matter of law, is "law of case," by which court is bound on second appeal, in absence of evidence on such issue in second trial.

HAYNES CARTER for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case.  The former opinion is reported in 212 Ky. 426, 279 S. W. 636.  On the first trial the appellant on this appeal obtained a judgment for $2,000.  The facts are stated in the former opinion.  If it be true that Bozarth was at a place where he had a right to be when he was struck by the railroad train that killed him, the appellee owed him a lookout duty, and it was its duty to give necessary signals.  We find it unnecessary, however, in this case to decide the question as to whether Bozarth was a licensee or a trespasser.

In the former opinion in this case the court held that appellee was entitled to a directed verdict on the ground that Bozarth was guilty of such contributory negligence, but for which he would not have been injured.  There is language in the former opinion which would indicate that the railroad company did not owe Bozarth the duty of maintaining a lookout or of giving signals, but this was an assumption of the court, based upon the evidence which showed that Bozarth was in a place of safety and suddenly walked in front of the train and that no lookout duty or signal would have availed.  The opinion on the former appeal is the law of the case, and, unless there was evidence on the last trial bearing upon the question of contributory negligence, we are precluded by the former opinion from going into that question.  There is some additional proof tending to show negligence on the part of appellee, but it was held in the former opinion

that a peremptory instruction should have been given in favor of appellee and that the court should have adjudged that Bozarth was guilty of contributory negligence, as a matter of law. That opinion settled the law of this particular case, and this court is bound by it. Ware v. Saufley, 203 Ky. 276, 262 S. W. 262; Graziani, Executrix v. Ambrose, 201 Ky. 466, 257 S. W. 21; Horton v. L. & N. R. R. Co., 199 Ky. 279, 250 S. W. 983; Cox's Administrator v. L. & N. R. R. Co., 137 Ky. 388, 125 S. W. 1056; Pickrell et al. v. Wilson et al., 217 Ky. 430, 289 S. W. 1100.

The judgment of the lower court is affirmed.