## Young v. Louisville & Nashville Railroad Company.

(Decided March 5, 1929.)

ROBERT HUBBARD for appellant.

WOODWARD, WARFIELD & HOBSON and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is a personal injury action. It was instituted by John Young against the Louisville & Nashville Railway Company to recover damages for injuries inflicted upon plaintiff by a freight train. At the conclusion of the evidence for plaintiff, the trial court gave peremptory instruction to the jury to find for the defendant, and, failing to obtain a new trial, plaintiff has appealed. Appellant is past 80 years of age and lived near' the railroad track. On the morning of the accident he left his home from the rear through an alley and from the alley entered upon the railroad track, which he crossed diagonally, and walked towards Goss avenue between the two tracks of the railroad company. A freight train on one of the tracks was following, and, when Young first appeared upon the track, it was about 200 feet from him, moving at the rate of 8 or 10 miles per hour. Young walked on the north-bound track on which the train was coming for a short distance, and then got between the tracks. A brakeman was riding in the engine, and kept his eyes on Young from the time he came out of the alley until the accident occurred. Young continued in the pathway between the tracks, proceeding towards Goss avenue until the train was within a few feet of him, when he suddenly stepped in front of the train and was struck by

the pilot beam of the engine. Other witnesses testified substantially to the same facts, and there is no proof to the contrary. The argument for the appellant is that Young was in a position of peril, and that it was the duty of trainmen to stop the train or to take such action as was required by ordinary care to prevent injury to him. On the other hand, the railroad company insists that Young was in a position of safety, and there was no duty on the servants of the railroad company to do other than observe his movements and exercise ordinary care to avoid injury, if he entered a place of peril. There is testimony that Young was in a place of safety while walking between the tracks.

Appellant insists that there was sufficient evidence for the jury to find he was in a perilous position before he stepped on the track. The evidence relied upon does not have the effect claimed for it. It does not tend to show that Young, under the conditions existing, was in peril. The evidence upon that subject does tend to show that there might be circumstances, as where two trains were passing, in which event the clearance might be insufficient, so as to create danger to one between the tracks. But upon this occasion there was but one train, and all of the witnesses say that Young would not have been injured, if he had remained in the path he was traveling. If Young had remained on the course he was following and sustained injury from the train, a different question would be presented; but he changed his course and stepped in front of the train. The situation must be dealt with as it was presented by the particular case. The right of Young to go to the jury, in its last analysis, depends upon whether there was any duty on the part of the trainmen, in the exercise of ordinary care, to anticipate that Young might change his course and get in a position of peril. The answer may be found in previous decisions. We have held without exception that, where a person is walking alongside a railroad track in a place of relative safety, the train operatives may assume, in the absence of conduct on the part of the pedestrian indicating otherwise, that the traveler will not change his course and place himself in a position of peril without himself looking to see if it is safe to do so. Cumberland R. Co. v. Walton, 166 Ky. 371, 179 S. W. 245; I. C. R. Co. v. Bozarth's Adm'r, 212 Ky. 426, 279 S. W. 636. On Second Appeal, 219 Ky. 786, 294 S. W. 483; Brown's Adm'r v. L. & N. R. Co., 97 Ky. 228, 30 S. W. 639, 17 Ky. Law Rep.

145; L. & N. R. Co. v. Redmon's Adm'x, 122 Ky. 385, 91 S. W. 722, 28 Ky. Law Rep. 1293; I. C. R. Co. v. Dupree, 138 Ky. 459, 128 S. W. 334, 34 L. R. A. (N. S.) 645; C. & O. R. Co. v. Hunter's Adm'r, 170 Ky. 4, 185 S. W. 140.

The brakeman on the engine testified that the pedestrian acted as if unaware of the train's approach, and it is argued that this circumstance altered the situation, and imposed upon the trainmen the legal duty of giving him notice of the train's approach. There is some testimony to the effect that the bell on the engine was ringing, but there was negative testimony indicating the opposite, and, if the case depended upon the sufficiency of the warning of the train's approach, the jury would have to determine it. The cases supra were not necessarily rested on the fact that the pedestrian was aware of the train's approach. They were rested upon his duty to exercise ordinary care to ascertain the train's approach before stepping upon the track, and the right of the trainmen to assume that a pedestrian pursuing a path adjacent to a track would not change his course.

In the Bozarth case, supra, the deceased was approaching a cattle guard, and it must have been obvious that when he reached the cattle guard he could not cross without getting on the track, as the cattle guard was designed to prevent passage at the side. Yet, it was held that the trainmen were not required by that circumstance to assume that the traveler would change his course without looking. Cf. L. & N. R. Co. v. Redmon's Adm'r, 122 Ky. 385, 91 S. W. 722, 28 Ky. Law Rep. 1293.

It is further argued that the case is ruled by Fiddler's Adm'r v. C. & O. Ry. Co., 213 Ky. 729, 281 S. W. 984, where this court held that it was a question for the jury as to whether ordinary care required the trainmen to anticipate that Fiddler was approaching a position of peril, and that due care should be taken to protect him against it. Fiddler's presence was known to the trainmen. In that respect it resembled this case. But Fiddler was in a network of railroad tracks. He was not pursuing a path where he was safe and which led to a public street. He was stepping backwards and forwards across the tracks, with his back to the train, and, if he pursued either course that his uncertain actions indicated might be possible, he would be placed in a perilous situation. If he continued in one direction, he would step

on track No. 1. If he proceeded in another direction between the tracks, his position was such that a step or two might bring him in contact with the train. Under such circumstances, the court held that it was for the jury to determine whether the standard of ordinary care under similar circumstances required some appropriate action by those in charge of the train. Cf. C. N. O. & T. P. R. Co. v. Marr's Adm'x, 119 Ky. 954, 85 S. W. 188, 27 Ky. Law Rep. 388, 70 L. R. A. 291, 115 Am. St. Rep. 289.

In the case at bar there were but two tracks, and there was room between them for the traveler to proceed in a direct route to the public street. There was nothing in his movements or in the physical situation to indicate that he might change his course, or to put upon the trainmen the duty of anticipating a deviation therefrom into the danger zone.

In L. & N. R. Co. v. Hyde's Adm'r, 221 Ky. 39, 297 S. W. 814, the decedent was upon a side track which was apparently safe when he entered upon it, but some cars were afterwards shunted upon the side track without any one in position to control their movements or to give warning. That opinion distinguishes such cases from the character of case we now have.

In Metts' Adm'r v. Louisville Gas & Electric Co., 222 Ky. 554, 1 S. W. (2d) 985, the court gave full consideration to the questions arising when a traveler upon a public street is entitled to warning of the approach of vehicles of which he is unaware; but in such cases the traveler on a street is not in a path, but may use any part of the street, and one in driving thereon must anticipate that a traveler is likely to change his course. That situation is distinguished from the present one, in that the path pursued by the traveler here was between two elevated tracks, which rendered it unlikely that he would depart from it. As we have seen, if there was any circumstance or movement to indicate to the trainmen that the traveler might come into a place of peril from the train, the railroad operatives would be compelled to act accordingly. There was nothing shown in the situation presented by the present case to impose such duty.

Appellant complains of several rulings of the trial court in the admission and exclusion of evidence, but we find it unnecessary to discuss them, because the result would be the same, if we sustained all the contentions of

appellant respecting rulings on evidence. We have considered the case in the light most favorable to the appellant, and, admitting every fact proven by him, and all the inferences fairly deducible therefrom, as is our duty under the accepted rule of practice, there is no ground shown on which liability for the injury could be fastened upon appellee. Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993.

The circuit court committed no error in awarding the peremptory instruction.

The judgment is affirmed.