## Chesapeake & Ohio Railway Company et al. v. Justice's Administrator.

### (Decided March 23, 1934.)

BROWNING & DAVIS and J. J. MOORE for appellants.
CHILDERS & BOWLES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On the 28th day of May, 1932, about 8:30 p. m., Josie Justice, a colored woman, while returning to her home from a shopping trip in Pikeville, was walking in a path beside the appellant company's track in that city. She had a sack of flour under her left arm and was carrying some groceries. Her niece, Nellie Brice, a girl about 13 years old, was walking in the path about 10 or 12 feet in front of her. As they were thus walking along, an engine of the appellant with tender in front came through the town of Pikeville at about 15 miles an hour

on the track beside the path and in the opposite direction to that in which Josie Justice was walking. There is evidence pro and con as to whether there was any head light on the tender and whether the bell on the engine was ringing, but for the purpose of this case, since the only ground relied upon for reversal is the appellant's contention that it was entitled to a peremptory instruction, we must take it that the light was not burning and the bell was not ringing. The engineer and the fireman testified without contradiction that they were keeping a lookout. Due to the fact that the track of the appellant curved at the point of the accident out of which this case arose, the engineer's view was obstructed by the curve, and he never saw either the little girl or her aunt. The fireman testified that before the engine reached them he saw the two in the path where they were in a place of safety, and that he kept them in view until the front of the tender cut off his further vision. There is no witness to tell us how the accident happened, but it is convincingly established that, as the tender passed Josie Justice, it came in contact with her, knocking her over an embankment and inflicting such injuries as that she died in less than two hours. The engineer and fireman did not know at the time that any one had been hit. They proceeded to Shelby, a town beyond Pikeville, where the engineer received notice of the accident. He got out and examined the engine and tender, but found no blood or any evidence of any collision, except some flour on the rear step of the tender. There was no blood on the tracks or cross-ties at the place of the accident, but at the point opposite where the body was found some flour was found on the edge of the ties. It is perfectly apparent that the decedent was not, at the time she was struck, on the track. This suit was brought by the administrator of Josie Justice to recover for the alleged negligent killing of his decedent. The proof being heard, the case was submitted to the jury, and it found a verdict for the administrator and against the appellant in the sum of $2,500. To reverse the judgment entered on this verdict, this appeal is prosecuted on the sole ground, as stated, that the appellant was entitled to a peremptory instruction.

The appellee insists that the evidence shows negligence, in that there was testimony to establish that the headlight on the tender was not burning; that a proper lookout was not kept, and that the bell on the engine

was not ringing as the engine came through the town. As to the headlight and bell, of course, appellee is correct. But in cases of this character, not only must negligence be shown. but such negligence must also be shown to have been the proximate cause of the injury. This is not a case like that of Chesapeake & O. R. Co. v. Owens' Adm'r, 217 Ky. 707, 290 S. W. 478, where it was admitted that the deceased was on the tracks at a point where a lookout duty was owed and was killed by a train, there being evidence that there was no headlight on the engine, no signals given, and no adequate lookout maintained. In the absence of some evidence that Owens was using the track in an abnormal manner, it was held in that case fairly inferable that Owens was using it in the usual and ordinary manner of a passway. Hence the case was one for the jury. Here there was no evidence that Josie Justice was ever on the track. The fireman testified that she was in a place of safety until his view was cut off by the end of the tender. Her little niece just ahead of her passed the engine in safety. There is no evidence that the absence of the headlight on the tender or the failure of the bell to be rung caused the tender to strike Josie Justice. We are left utterly to surmise as to how the decedent came in contact with the tender, and it is too well settled to require elaborate discussion that in such state of case there. is nothing to submit to the jury. The cases pro and con on the point here involved have been collected in the recent case of Goodman's Adm'x v. C. & O. R. Co., 252 Ky. 366, 67 S. W. (2d) 469, to which reference is made for those who desire a catalogue of such cases. The motion of the appellant for a peremptory instruction should have been sustained.

Judgment reversed for proceedings consistent with this opinion.