## Illinois Cent. R. Co. v. Thomason.

Nov. 21, 1941.

387

Marshall P. Eldred, George O. Eldred and Doolan, Helm, Stites &. Wood for appellant.

J. Gordon Lisanby and R. W. Lisanby for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment for $1,500 in behalf of appellee, Hilton Leroy Thomason, against the appellant, Illinois Central R. Co., for personal injuries sustained at a railroad crossing.

The accident occurred near the outskirts of the city of Princeton at a public crossing where a road, within the city of Princeton, crosses appellant's tracks. At the point of accident the tracks run approximately north and south and the road approximately east and west. The injured appellee was a four year old child and resided with his mother, the next friend, at their home in the southwest corner of the intersection facing the road and adjacent to the west side of appellant's right-of-way. On the morning of the accident the injured child was visiting the home of Mrs. Nola Ramey located across the railroad tracks from the Thomason home in the northeast corner of the intersection and was running in and out the house playing with Wanda Ramey, a seven year old child. The Ramey home also faced the road and was adjacent to the east side of appellant's right-of-way. While the child was at the Ramey home one of appellant's freight trains stopped on the crossing. The train was approximately 3,000 feet long and the engine, which was taking water near the station, was approximately 2,300 feet north of the crossing, the caboose being approximately 700 feet south of it. After the train had remained on the crossing for a period of time variously estimated by witnesses to be from eight to twenty-five minutes the injured child, who was then in the Ramey yard, said to Wanda Ramey that he was going to "try to catch the train and go over it and go home." He thereupon started from the Ramey home down the road towards the train and Wanda called and

told him not to go over the train but he went on. When he got to the crossing he attempted to climb on the train and just as he did so it started and knocked him down and the wheel ran over his foot. Wanda Ramey and several employees of appellant testified that the train blew just before it started at the time of the accident while one witness for appellees testified positively that the whistle did not blow and one other witness, in position to hear, stated that if it blew he did not hear it. The trial court, over the objection of appellant, permitted evidence to the effect that there were a number of homes on the road near the crossing and that children were accustomed to playing in the yards of these homes.

The case was submitted to the jury on an instruction telling them in substance that if they believed the train blocked the crossing for more than five minutes and further believed that the plaintiff and other children habitually played in the yards near the crossing and were so playing on the occasion in question and that the appellant could have known thereof by the exercise of ordinary care, then it was the duty of appellant to exercise ordinary care to prevent injury to the child on the occasion in question and if it failed to do so and as a result thereof the child was injured they should find for him.

It is first insisted by appellant that error was committed in failing to direct a verdict in its behalf. The determination of this question depends on whether we elect to adhere to or overrule the decision in Trent v. Norfolk & Western R. Co., 167 Ky. 319, 180 S. W. 792, 797, since the facts of the present case cannot, in legal effect, be differentiated from the facts in that case. There a child had been sent on an errand by his mother and arrived at a railroad crossing blocked by a train and the blocking continued for a period of approximately thirty minutes. After waiting this length of time the child attempted to climb on the train and cross and was injured when the train started. After an extended consideration of the question and a review of authorities the following definite conclusion was announced:

"From which we conclude that after a railroad company occupies a public road crossing beyond the lawful period, it owes a duty to persons who are attempting to cross through, over, or under its cars at said public crossing, not to injure them by starting

its train without reasonable signal or notice. It will have been noticed, however, that under authority of the Clark [Southern Railway Co. v. Clark, Ky., 105 S. W. 384, 13 L. R. A., N. S., 1071] and Jones [Jones v. Illinois Cent. R. Co., Ky., 104 S. W. 258, 13 L. R. A., N. S., 1066] Cases, supra, the right to recover for a violation of this duty is forfeited by an adult when a live engine it attached to or near the cars, and probably always, on the ground of assumed risk or his own contributory negligence which is imputed as a matter of law.''

Numerous cases are relied on by appellant as laying down a different rule from the one enunciated in the Trent case, including Swartwood's Guardian v. Louisville & N. R. Co., 129 Ky. 247, 111 S. W. 305, 19 L. R. A., N. S., 1112, 130 Am. St. Rep. 465; Louisville & N. R. Co. v. Steele, 179 Ky. 605, 201 S. W. 43, L. R. A. 1918D, 317; Green's Adm'r v. Maysville & B. S. R. Co., 78 S. W. 439, 25 Ky. Law Rep. 1623; Smith v. Hines, 212 Ky. 30, 278 S. W. 142, 45 A. L. R. 980; Louisville & N. R. Co. v. Cooper, 164 Ky. 489, 175 S. W. 1034, L. R. A. 1915E, 336; Illinois C. R. Co. v. Dupree, 138 Ky. 459, 128 S. W. 334, 34 L. R. A., N. S., 645; Louisville & N. R. Co. v. Reynolds' Adm'r, 240 Ky. 662, 42 S. W. (2d) 911. However, we do not regard any of the cases mentioned as conflicting in any way with the rule enunciated in the Trent case with the possible exception of Louisville & N. R. Co. v. Reynolds, supra, since the facts in all of them were materially different. As a matter of fact the Swartwood case and the Dupree case were considered and mentioned in the Trent case. The Reynolds case, in which the facts were very similar to those in the instant case, except that the child was not injured at a *public* crossing (although the case was considered and decided as if the injury had occurred at a public crossing), undertook to distinguish the Trent case but did so on a false basis and wound up with a distinction without a difference but did not profess to overrule or modify the Trent case. The Trent case was referred to and distinguished in Sweat's Adm'r v. Louisville & N. R. Co., 178 Ky. 825, 200 S. W. 14 and was cited with approval in Chesapeake & O. R. Co. v. Daniels, 227 Ky. 470, 13 S. W. (2d) 509. After due consideration, and relying upon the reasons and considerations stated in the opinion, we conclude that the ruling enunciated in

the Trent case should not be departed from. We might add that under a state of facts very similar to those appearing in the Trent case the same decision as in the Trent case was reached in Todd v. Philadelphia, etc., R. Co., 201 Pa. 558, 51 A. 332.

Nor do we think that the domestic and foreign cases cited by appellant, to the effect that the blocking of the crossing in excess of the statutory period of five minutes provided by Section 768, Kentucky Statutes, could not be considered the proximate cause of the injury, sufficient to demonstrate unsoundness of the rule in the Trent case. The holding in that case was in no sense one that the blocking of the crossing was the proximate cause of the injury. That holding was merely that where a crossing is blocked longer than the time permissible under the statute the duty is imposed on the railroad company to give warning of intention to start the train. The question then becomes whether the failure to perform the duty of giving the required warning was the proximate cause of the injury.

In the instant case, as the evidence was conflicting as to whether the whistle sounded before the train started after blocking the crossing for more than the statutory period an issue on this point was made, to be submitted to the jury with the further determination to be made by the jury as to whether the failure to sound the whistle, if there was such a failure, was the proximate cause of the injury. In view of the considerations stated the trial court correctly overruled appellant's motion for a directed verdict.

It seems clear, however, that the case was submitted to the jury upon an untenable theory, namely, that if children were accustomed to playing in the yards in the vicinity of the crossing and appellant knew this or by the exercise of ordinary care could have known it then it was appellant's duty to exercise ordinary care to prevent injury to the plaintiff at the time in controversy. Obviously, the mere fact that children played in the yards near the crossing and that appellant knew this did not impose on appellant any knowledge that children would leave places of safety and attempt to climb on the train. Placing the seal of approval upon the instruction given would be, in effect, applying the attractive nuisance doctrine to trains stopping on crossings. If the

theory of this instruction were sound, then the burden of exercising ordinary care to avoid injuring children under such circumstances would apply whether the train had stopped a reasonable or unreasonable time at the crossing. The trial court apparently was actuated by the decision in Louisville & N. R. Co. v. Popp, 96 Ky. 99, 27 S. W. 992 in submitting the case on this instruction. In that case, however, liability of the railroad company was made to turn upon the knowledge that the injured boy, although a trespasser, was in and about the cars of the company at its railroad station and actually in a position of peril. As pointed out in Monehan v. South Cov. & C. St. Ry. Co., 117 Ky. 771, 78 S. W. 1106 and Swartwood's Guardian v. Louisville & N. R. Co., supra, in referring to the Popp case, the injured child was known to be in a place of danger when the train was started, while, in the instant case, by the instruction given, liability was imposed on the railroad company if it could have known by the exercise of ordinary care merely that children played in the yards in the vicinity of the crossing. The trial court was wholly unjustified in submitting the case upon any such theory and, as a matter of fact, should have excluded the evidence to the effect that children were accustomed to playing in the yards in the vicinity of the crossing.

The trial court was justified in submitting the case to the jury but submitted it upon an improper theory. On the next trial, if the evidence is substantially the same, it should be submitted under the rule laid down in the Trent case to the effect that, having blocked the crossing for more than the statutory period, it was appellant's duty to give warning of its intention to start the train by sounding the whistle sufficiently loud to be plainly audible at the crossing to a person of ordinary hearing. Since there was no evidence for appellant that any other signal or notice than blowing the whistle was given, the instruction as to the warning to be given should, in this particular case, be confined to the blowing of the whistle.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.