## Warren v. Louisville & N. R. Co.

April 25, 1944.

254

D. E. Wooldridge for appellant.

H. T. Lively, J. Ballard Clark and Thomas Manby for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The judgment appealed from was entered upon a verdict directed by the Court at the conclusion of the evidence for appellant, who seeks to recover for injuries sustained when he jumped from an automobile which he was driving, in order to avoid being struck by a passenger train operated by appellee. The accident occurred at Elder Park Crossing, a public road crossing in Oldham County. Elder Park road runs southwardly from Highway No. 22, which in turn runs parallel to and north of appellee's track. The road crosses the track about one hundred (100) feet south of the highway. Appellant was driving his brother's automobile at the time of the injury, and was returning from La Grange to his home located south of appellee's track. He testified that he was traveling southerly on Elder Park road, and stopped within approximately four (4) feet of the track; looked both ways for a train, and saw none; listened, and heard nothing. When he stopped the automobile the motor accidentally died. He attempted to start the motor, and

while he was engaged in this endeavor the car "accidentally" rolled onto the track. He then saw the train approaching, whereupon he opened the door and jumped to the bank on the south side of the track, as a result of which he received the injuries for which he seeks recovery. According to appellant's testimony, the train was within seventy-five (75) or eighty (80) feet of the crossing and was running about sixty (60) miles per hour when he first observed it. The evidence shows that, for some distance on either side of the place of the accident, appellee's track is laid through a cut within embankments approximately five (5) feet high on each side, with weeds growing on top of the banks. The train was traveling in a westwardly direction; the view to the east was obstructed by the embankment and weeds; the view was further impeded by a curve in appellee's track to the east of the crossing. Appellant had been thoroughly familiar with the conditions at the crossing all his life. As a matter of fact, it was his apprehension of danger from approaching trains which caused him to stop, look, and listen at the crossing. Appellant introduced evidence that the train did not signal its approach to the crossing, several witnesses testifying to this fact. There was no evidence to support, and appellant does not claim a right to recover under, the doctrine of last clear chance. He rests his right to recover solely upon his proof in respect to the negligence of appellee (1) in failing to give timely warning of its train's approach to the crossing; and (2) in maintaining a crossing known to it for many years to have been extremely dangerous. For the purpose of this review, the negligence of appellee in both of the above recited respects must be admitted. The only question to be determined is, whether either of the admitted acts of negligence was the proximate cause of the injury.

One of the most fundamental rules in the law of negligence is that, to be actionable, the negligence of the defendant must be the proximate cause of the accident producing the injury complained of. Chesapeake & Ohio R. Co. et al. v. Justice's Adm'r. 253 Ky. 600, 69 S. W. (2d) 1024. Equally fundamental, and well settled, is the rule that the proximate cause of an injury is that which, in a natural and continuous sequence unbroken by any independent responsible cause, produces the injury, and without which it would not have occurred. Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S. W.

(2d) 465. We are of the opinion that the facts relied upon in this case do not meet the test of the rule in respect to proximate cause, so as to authorize the Court to submit the case to the jury. The extraordinary danger to be encountered at the crossing in question certainly did not cause the accident, because appellant, with full knowledge of the danger, took the precaution to stop, look, and listen at a point of safety, thus averting any casualty by reason of the dangerous character of the crossing. He was not induced to drive his automobile across the tracks at the place of the accident by any appearance of safety, or because his view was obstructed by the dangerous condition of the territory surrounding the place of the accident. It is obvious that the danger to appellant, which otherwise might have been caused by the obstructions, had passed out of existence at the time he stopped his car; therefore, the negligence of appellee in maintaining the extraordinarily dangerous crossing was not the proximate cause of the accident.

In order to attribute the proximate cause to the failure on the part of the defendant railroad company to sound timely warning of the approach of its train, the evidence must show that the complaining party was lured into the path of the train in such manner as he would not have proceeded to travel had he been warned of the train's approach. The appellant testified that he did not propel his car into the path of the train, but that it rolled onto the track "accidentally." Had he propelled his car onto the tracks, in reliance of not having heard a warning signal, he would have cause to complain of the negligence of appellee in failing to give the signal. The accidental rolling or coasting of the automobile was an independent, intervening, and responsible cause which produced the injury; and it is immaterial whether the coasting of the car onto the track was the result of appellant's own negligence, because it certainly could not be attributed to any negligence on the part of the railroad company. That being true, the contention that he had a right to have his case submitted to the jury, because of the failure of the railroad company to give warning of the approach of the train, must be denied. It follows that the Trial Court did not err in directing the jury to return a verdict in favor of appellee.

The judgment is affirmed.