## CHESAPEAKE & OHIO RY. CO. et al. v. AMBURGEY.

Court of Appeals of Kentucky.
June 12, 1951.

Browning & Gray, Ashland, Combs & Combs, Prestonsburg, for appellants.

J. D. Harkins, Jr., Prestonsburg, for appellee.

CLAY, Commissioner.

Plaintiff recovered a $400 judgment for personal injuries sustained when struck by one of defendant's engines in the town of Martin. Defendant has filed a motion for an appeal on the ground it was entitled to a directed verdict.

Plaintiff was walking east on a cinder path paralleling a switch track. A freight train came up from behind her and as it passed some part of the engine struck and knocked her down. As plaintiff approach-

ed the scene of the accident, she had seen the train but thought it was standing on another track.

The fireman on the engine saw her when she neared the track and when she was walking along beside it. In substance his testimony is that plaintiff was in a place of safety, and just as the engine was passing she stepped over against it.

It is immaterial whether plaintiff was a trespasser or licensee or whether or not signals were given by defendant's employees, since she had seen the train and the fireman had seen her. Where one is walking alongside a railroad track in a place of relative safety, the train operatives have a right to assume that the traveler will not change his course so as to place himself in a position of peril. Young v. Louisville & Nashville Railroad Company, 228 Ky. 771, 15 S.W.2d 1001. See Chesapeake & Ohio Railway Company et al. v. Justice's Administrator, 253 Ky. 600, 69 S.W.2d 1024.

This accident was caused solely by the carelessness of plaintiff, and was not attributable to negligence upon the part of defendant's employees. Therefore, a directed verdict should have been given for the latter.

The motion for appeal is sustained, and the judgment is reversed.